Najam, J., concurs.
May, J., concurs in result with opinion.
May, Judge, concurring in result.
[1] I write separately to note the discrepancy between Officer Snow's testimony at trial and his Probable Cause Affidavit. In the Probable Cause Affidavit, Officer Snow reported:
[T]he passenger of the vehicle the front seat passenger fled on foot. The male was described as a Hispanic male approximately 5-09 wearing a blue sweatshirt with a white undershirt and black jeans. Officer Snow observed this male to be gripping his waist band as he ran east bound from the location of the traffic stop. Officer Hornaday gave chase on foot and began yelling loud verbal commands to the male, identifying himself as the police and commanding the male to stop running. While Officer Hornaday was giving chase, Officer Hornaday located a black semi-automatic Springfield 9mm XD-9 handgun with serial number MG727669 and a magazine loaded with 6 live 9mm rounds, in front of 6038 Allendale Dr, in the direct path of where the male was running.
(App. Vol. II at 18) (errors in original).
[2] However, at trial Officer Snow testified, regarding the same series of events:
[Prosecutor]: And when the suspect who was in the vehicle ran, did you get a look at him?
[Officer Snow]: I did sir. He was wearing a blue hooded sweatshirt, a white shirt. I remember it being out from *522 underneath the blue hooded sweatshirt. Dark blue jeans and white tennis shoes and he was clutching a black object in his hand. And when he ran he turned and looked at me to the point where I could see from this side of his nose to his ear as he turned. I couldn't readily identify exactly what was in his hand. I was, through my training experience the way he was holding whatever it was, I believed it be to a gun so much so that I got on the radio and I said that he was armed.
[Prosecutor]: After the suspect ran, what did you do?
[Officer Snow]: There was another officer to my right, Officer Hornaday, he gave chase....
(Tr. Vol. II at 16-7.) On cross-examination, J.S.'s counsel questioned Officer Snow about the details of the encounter, but counsel did not attempt to impeach Officer Snow with the discrepancies in his iterations of the events, specifically, the lack of information regarding something he believed to be a gun in J.S.'s hand when he fled from the passenger side of the vehicle.
[3] As a result of the failure to point out the difference between Officer Snow's account of the incident in the Probable Cause Affidavit and his testimony at trial, the only evidence heard by the trial court judge was that Officer Snow observed a black object, which he believed to be a gun, in J.S.'s hand. Because of our standard of review, I concur in result.