## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 25 2019, 9:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alan K. Wilson
Public Defender
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of J.L., III, a Child Alleged to be a Delinquent Child,<br><br>*Appellant-Respondent,*<br><br>v.<br><br>State of Indiana,<br><br>*Appellee-Petitioner* | April 25, 2019<br><br>Court of Appeals Case No. 18A-JV-2529<br><br>Appeal from the Delaware Circuit Court<br><br>The Honorable Amanda Yonally, Magistrate<br><br>Trial Court Cause No. 18C02-1808-JD-99 |

**Baker, Judge.**

[1] J.L., III, appeals his delinquency adjudications for acts that would have been Class A Misdemeanor Battery Resulting in Bodily Injury[1] and Class A Misdemeanor Dangerous Possession of a Firearm[2] had they been committed by an adult. He argues that the evidence is insufficient to support the adjudications. Finding the evidence sufficient, we affirm.

## Facts

[2] On August 5, 2018, Danielle Fleming went to a house in Muncie, not knowing that her son, J.L., would be there. Fleming and J.L. had been fighting recently. When she arrived at the house, Fleming approached J.L. and yelled that she was tired of him being disrespectful to her. J.L. pushed her away from him with his forearm and hit her in the chest. When he turned away from her, she slapped him on the face. She bear hugged J.L., who grabbed her arms, leaving a bruise. Family members then stepped in to separate them.

[3] J.L. "stormed" outside after the altercation, making statements indicating he was still very angry with his mother. Tr. Vol. II p. 10, 28. He returned into the house and pulled an object that appeared to be a black gun handle from the pocket of his shorts. It was apparent that he had a gun based on the handle and the way his shorts were sagging. Someone called the police and J.L. fled the scene but was later apprehended.

---

[1] Ind. Code § 35-42-2-1(d).

[2] Ind. Code § 35-47-10-5(a).

[4]     On August 13, 2018, the State filed a petition alleging that J.L. was a delinquent child for committing acts that would have been Level 6 felony intimidation, Class A misdemeanor battery resulting in bodily injury, and Class A misdemeanor dangerous possession of a firearm, had they been committed by an adult.

[5]     A factfinding hearing took place on August 28, 2018. At the close of the State's case in chief, J.L. moved for judgment on the evidence with respect to the intimidation and battery counts. The State conceded with respect to the intimidation count, so the juvenile court granted J.L.'s motion as to intimidation but denied it as to battery. At the conclusion of the evidence, the juvenile court adjudicated J.L. a delinquent for the battery and possession of a firearm counts. At a September 24, 2018, dispositional hearing, the juvenile court ordered that J.L. be committed to the Logansport Juvenile Intake Diagnostic Facility for an indeterminate period of time. J.L. now appeals.

## Discussion and Decision

[6]     J.L. argues that the evidence is insufficient to support the delinquency adjudications. When reviewing a challenge to the sufficiency of evidence supporting a delinquency adjudication, we do not reweigh the evidence or judge witness credibility and will consider only the evidence favorable to the judgment and the reasonable inferences supporting it. *J.S. v. State*, 114 N.E.3d 518, 520 (Ind. Ct. App. 2018), *trans. denied*. We will affirm if there is substantial evidence of probative value from which a reasonable factfinder could conclude

beyond a reasonable doubt that the juvenile engaged in the unlawful conduct. *Id.*

[7] To support its allegation of delinquency for Class A misdemeanor battery causing bodily injury, the State was required to prove beyond a reasonable doubt that J.L. knowingly or intentionally touched Fleming in a rude, insolent, or angry manner, resulting in bodily injury. I.C. § 35-42-2-1(d).

[8] At the factfinding hearing, Fleming testified that J.L. grabbed her arms during their fight and that she had bruises as a result. Another witness testified that she had observed bruising to Fleming's arm, and a third witness testified that J.L. had grabbed Fleming by the arm. Indeed, J.L. even admitted during his testimony that he had grabbed Fleming's arms and caused bruising. J.L., however, claimed that he had acted in self-defense. The juvenile court acknowledged that there was conflicting evidence, but after assessing the evidence and the credibility of the witnesses, resolved the conflict against J.L. We cannot second guess this assessment. Given that we may only consider the evidence most favorable to the adjudication, we find that the evidence is sufficient to support the finding that J.L. committed an act that would have been Class A misdemeanor battery had it been committed by an adult.

[9] To support its allegation of delinquency for Class A misdemeanor dangerous possession of a firearm, the State was required to prove beyond a reasonable doubt that J.L. knowingly, intentionally, or recklessly possessed a firearm for a purpose not exempted from the statute. I.C. § 35-47-10-5(a).

[10]     At the factfinding hearing, a witness testified that when J.L. returned to the house after the altercation with Fleming, she saw him pull a black object out of his pocket that appeared to be a gun. She was sure that it was a gun after seeing the handle and the way his shorts were sagging. She is familiar with weapons because of her grandfather. The juvenile court explicitly found that the witness's testimony "was credible, that she is familiar with a firearm, . . . and that she . . . believed that the defendant had a firearm in his possession on that day." Tr. Vol. II p. 76. The juvenile court noted J.L.'s explanation that it was a cell phone, not a gun, in his pocket, but ultimately found the witness's testimony to be more credible. Given our standard of review, we find the evidence sufficient to support the finding that J.L. committed an act that would have been Class A misdemeanor dangerous possession of a gun had it been committed by an adult.

[11]     The judgment of the juvenile court is affirmed.


        Najam, J., and Robb, J., concur.